**Michael Levine, Esq.**
**LEVINE & ASSOCIATES, P.C.**
15 Barclay Road
Scarsdale, NY 10583
Telephone (914) 600-45288
*Counsel for Defendants and*
*Co-counsel for Nominal Defendant*

**Tracy L. Klestadt, Esq.**
**Brendan M. Scott, Esq.**
**Klestadt Winters Jureller Southard & Stevens, LLP**
200 West 41st Street, 17th Floor, New York, NY 10036-7203
Telephone (212) 972-3000
e-mail: tklestadt@klestadt.com; BScott@klestadt.com
*Co-counsel for Nominal Defendant*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| In re: | : Chapter 11 |
| **MOSDOS CHOFETZ CHAIM INC.,** | : Case No. 12-23616-rdd |
| | : Post-Confirmation |
| Debtor. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| **SAMUEL Z. MARKOWITZ**, Individually and derivatively in his Capacity as the Sole Trustee of and on behalf of Congregation Radin Development, Inc., | : : : Adv. Pro. No. 23-07055 |
| Plaintiff, | : |
| - against - | |
| **HENOCH ZAKS and ARYEH ZAKS, and John Does 1 through 100 whose identity is not known at this time,** | : |
| Defendants, and | : |
| **CONGREGATION RADIN DEVELOPMENT, INC.,** | : |
| Nominal Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

<u>**ANSWER TO COMPLAINT**</u>
<u>**BY DEFENDANTS AND NOMINAL DEFENDANT**</u>

Defendants Henoch Zaks ("Henoch") and Aryeh Zaks ("Rabbi Aryeh"), and nominal Defendant Congregation Radin Development, Inc. ("CRDI") (collectively, "Defendants"), by and through their attorneys, **Levine & Associates, P.C.** and **Klestadt Winters Jureller Southard & Stevens, LLP**, answering the complaint of the Plaintiff dated January 18, 2023 (the "Complaint"), and complaining of the Plaintiff, respectfully set forth as follows:

## GENERAL OBJECTION

1. Defendants object to the Complaint in its entirety because the same fails to comply with Rule 8(a) and (d) of the Federal Rules of Civil Procedure in that the same does not contain "a short and plain statement of the claim" nor is each allegation "simple, concise and direct." Instead, Plaintiff has improperly grouped multiple allegations within single paragraphs of the Complaint rendering it impracticable or impossible to concisely admit or deny the allegations asserted against it therein.

## ANSWERING THE COMPLAINT

2. Defendants **DENY** each and every allegations contained in paragraphs designated 9, 18, 23, 25, 26, 31, 35, 36, 42, 48, 49, 53, 54 and 55 in the Complaint.

3. Defendants **DENY** that Plaintiff is entitled to any of the relief described in paragraphs designated 37, 38, 39, 40, 43, 44, 45, 46, 50, and 51 in the Complaint.

4. Defendants **ADMIT** the allegations contained in paragraphs designated 2, 3, 8 and 17 in the Complaint.

5. With respect to the preamble in the Complaint, Defendants **DENY** that Plaintiff is the sole trustee of CRDI, further **DENY** that Plaintiff has any right to act on behalf of CRDI

derivatively, and further **DENY** that Plaintiff has standing to prosecute the within action in his individual capacity.

6. With respect to paragraph designated 2 in the Complaint, Defendants **ADMIT** that Plaintiff is a resident of the State of New York, but **DENY** that he is a "founder and Sole Trustee of CRDI."

7. With respect to paragraph designated 4 in the Complaint, Defendants **ADMIT** that CRDI is a New York Religious Corporation, but **DENY** that its principal office is located at the address therein contained and that that it has any "place of worship" at such address.

8. With respect to paragraph designated 5 in the Complaint, Defendants **DENY** that any "scheme to illegally take over CRDI" existed on the part of the Defendants at any time, however **ADMIT** that other persons, including without limitation Rabbi Mayer Zaks, Plaintiff, and others, entered into such scheme, which is ongoing.

9. With respect to paragraph designated 6 in the Complaint, Defendants **DENY** that the true motive of the instant action is as set forth therein, further **DENY** that Plaintiff is entitled to any of the relief sought therein, and , to the extent that the said paragraph makes any substantive allegations by implication, **DENY** all of the same.

10. With respect to paragraph designated 7 of the Complaint, Defendants **DENY** that CRDI was formed by Plaintiff, refer the interpretation of CRDI's Certificate of Incorporation to the Court, and consequently **DENY** Plaintiff's characterization of the same.

11. With respect to paragraph designated 10 in the Complaint, Defendants **ADMIT** that CRDI purchased certain real property from Mosdos, but **DENY** that Mosdos ever came "out of a Chapter 11 bankruptcy proceeding," further **DENY** that Plaintiff's characterization of the property

is entirely accurate, and further **DENY** that Plaintiff's characterization of the motive for the purchase is accurate.

12. With respect to paragraph designated 11 in the Complaint, Defendants **ADMIT** that the purchase price for the property referred to therein was "approximately $26,000,000" and that $15,000,000 of the purchase price was financed via a nonrecourse loan from Sterling Bank, but **DENY** that Plaintiff "personally guaranteed" the loan from Sterling Bank (instead having simply executed a "bad boy" carve out to the nonrecourse nature of the loan).

13. With respect to paragraph designated 12 in the Complaint, Defendants **ADMIT** that Steven Green resigned as a Trustee of CRDI at some point, however **DENY** the balance of the allegations in that paragraph.

14. With respect to paragraph designated 13 of the Complaint, Defendants **DENY** that Plaintiff never attended or was given notice of meetings of CRDI while he remained a Trustee of CRDI, further **DENY** that Daniel Green to Mr. Blumenfeld resigned as Trustees of CRDI, and further **DENY** that there has been no change in the composition of CRDI's Board of Trustee since its formation.

15. With respect to paragraph designated 14 in the Complaint, Defendants **DENY** that the Board of Trustees of CRDI never authorized anyone to act on behalf of CRDI as a trustee, further **DENY** that Plaintiff ever was the sole Trustee of CRDI, and further **DENY** that The CRDI Trustees have the "final say on all matters pertaining the CRDI."

16. With respect to paragraph designated 15 in the Complaint, Defendants **ADMIT** that Plaintiff was not been closely involved in the day-to-day running of CRDI and, after Plaintiff's removal as Trustee, was not involved in CRDI's operations at all, but **DENY** that the

characterization of "Plaintiff's perspective" as set forth in that paragraph is either accurate or truthful.

17. With respect to paragraph designated 16 in the Complaint, Defendants **ADMIT** that Henoch and Rabbi Aryeh truthfully represented themselves for a long period of time as Trustees of CRDI, but **DENY** that the same were either false or "impersonations."

18. With respect to paragraph designated 19 in the Complaint, Defendants **ADMIT** that Mr. Henig became ill at some point, however cannot either admit or deny the allegation that Mr. Henig was living at Rabbi Aryeh's house "at the time" because that phrase is not defined, but **DENY** the Mr. Henig had been "taken advantage of" or "duped" in any manner, or acted as any "front man."

19. With respect to paragraph designated 20 in the Complaint, Defendants **ADMIT** that Plaintiff was not a Trustee of CRDI as of January 28, 2022, and further ADMIT that the renewal application accurately listed Rabbi Aryeh, Henoch and Mr. Henig as being either "officers, directors or trustees" of CRDI.

20. With respect to paragraph designated 21 in the Complaint, Defendants **ADMIT** that a Statement of Revenues and Expenses submitted to the Bankruptcy Court was verified by Mr. Henig as a trustee of CRDI, but **DENY** that such certification was in any manner "false."

21. With respect to paragraph designated 22 in the Complaint, Defendants **ADMIT** that Henoch submitted a declaration to the Bankruptcy Court representing that he was a trustee of CRDI, but **DENY** that such declaration was "false."

22. With respect to paragraph designated 24 of the Compliant, Defendants **ADMIT** that CRDI has, for a long period of time, sought to evict persons occupying CRDI's property who

either had no legal bases for occupying the same or who failed to discharge their monetary obligations as tenant, but **DENY** the balance of the allegations in that paragraph.

23. With respect to paragraph designated 27 in the Complaint, Defendants **DENY** that Plaintiff is entitled to any of the relief described in that paragraph, and further **DENY** that Defendants have no authority to act on behalf of CRDI.

24. With respect to paragraph designated 28 in the Complaint, Defendants **DENY** that there is any "concern" on the part of Plaintiff regarding any lease with respect to the synagogue located on CRDI's property, but **ADMIT** that a prior lease entered into between CRDI, as landlord, and Chofetz Chaim,. Inc., as Tenant, has expired, however assert that there is presently a lease extant with respect to the said synagogue.

25. With respect to paragraph designated 29 in the Complaint, Defendants **DENY** that Plaintiff was ever the "sole trustee" of CRDI, further **DENY** that Henoch or Rabbi Aryeh have "hijacked CRDI," further **DENY** that CRDI and Chofetz Chaim Inc. are "controlled by the same person," but **ADMIT** that any and all leases in effect with respect to any structures on CRDI's property are under the "control" of CRDI subject to the terms of any particular lease.

26. With respect to paragraph designated 30 in the Complaint, Defendants **DENY** that Plaintiff was ever the "sole trustee" of CRDI, further DENY that Plaintiff has any right or power to "not authorize any renewal" of any lease, but ADMIT that CRDI is free to renew, and has renewed, any lease that it wishes to.

27. With respect to paragraph designated 32 in the Complaint, Defendants **ADMIT** that the actual trustees of CRDI have engaged in such actions and litigations as they believed to be in the best interest of CRDI, but **DENY** that the same were either "needless" or "caused harm to

CRDI," or "benefited no one other than [the individual] Defendants," and further **DENY** the balance of the allegations in that paragraph.

28. With respect to paragraph designated 33 in the Complaint, Defendants **DENY** that Plaintiff ever was the "sole trustee" of CRDI, further **DENY** that Plaintiff has any right to assert any derivative claim on behalf of CRDI, and further **DENY** that CRDI has been "hijacked" by the individual Defendants.

29. Defendants **REPEAT, REITERATE and REASSERT** each and every response heretofore set forth herein with respect to such allegations as are incorporated by reference in paragraphs designated 34, 41, 47, and 52 in the Complaint, with the same force and effect as if set forth herein at length.

30. Defendants **DENY** any allegations not specifically addressed above.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Defendants assert the following defenses without assuming any burden that they would not otherwise have, including without admitting or acknowledging that they bear the burden of proof as to any of the defenses denominated herein. Defendants reserve the right to amend their Answer with additional defenses as further information is obtained through discovery.

## FIRST AFFIRMATIVE DEFENSE

31. Plaintiff fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred by the doctrines of *res judicata* and/or issue preclusion.

### FOURTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred by the terms of the corporate documents of CRDI.

### FIFTH AFFIRMATIVE DEFENSE

35. Plaintiff lacks standing to bring this adversary proceeding.

### SIXTH AFFIRMATIVE DEFENSE

36. Plaintiff has an inadequate remedy at law precluding the imposition of equitable relief.

### SEVENTH AFFIRMATIVE DEFENSE

37. Plaintiff has unclean hands which precludes the award of any equitable relief in his favor.

### EIGHTH AFFIRMATIVE DEFENSE

38. Plaintiff is guilty of laches.

### NINTH AFFIRMATIVE DEFENSE

39. The relief sought by Plaintiff in its Complaint is equitably moot.

### RESERVATION OF RIGHTS

40. Defendant reserves the right to revise, supplement, or amend this Answer and its affirmative defenses, including reserving all defenses permitted under the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure, the Bankruptcy Code, and/or at law or in equity, and/or to assert any appropriate counterclaim, that may now exist or may in the future be available based on discovery and/or further investigation in the underlying bankruptcy case (and/or this adversary proceeding).

## **PRAYER**

**WHEREFORE**, Defendants respectfully requests this Court:

(i) Deny Plaintiff's claim for relief set forth in the Complaint;

(ii) Dismiss Plaintiff's Complaint, with prejudice;

(iii) Award Defendants the costs and taxable disbursements of this Adversary Proceeding, including reasonable attorneys' fees; and

(iv) Award Defendants such other, further and different relief as the Court deems just, proper and equitable.

Dated: February 17, 2023

| | |
|---|---|
| **Klestadt Winters Jureller Southard & Stevens, LLP** | **Levine & Associates, P.C.** |
| By: s/*Tracy L. Klestadt* | By: **s/*Michael Levine*** |
| Tracy L. Klestadt | Michael Levine, Esq. |
| 200 West 41st Street, 17th Floor | 15 Barclay Road |
| New York, New York 10036 | Scarsdale, New York 10583 |
| Telephone (212) 221-5700 | Telephone (914) 608-4702 |
| Fax: (212) 972-21245 | Fax (914) 725-4778 |
| e-mail: TKlestadt@Klestadt.com | e-mail: ml@LevLaw.org |
| *Attorneys for Nominal Defendant* | *Attorneys for Defendants and Co-counsel to Nominal Defendant* |