**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **MOSDOS CHOFETZ CHAIM INC.,** | : Case No. 12-23616-rdd |
| | : Post-Confirmation |
| Debtor. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| **SAMUEL Z. MARKOWITZ,** Individually and derivatively in his Capacity as the Sole Trustee of and on behalf of Congregation Radin Development, Inc., | : : : Adv. Pro. No. 23-07005 |
| Plaintiff, | : |
| - against - | |
| **HENOCH ZAKS and ARYEH ZAKS,** and John Does 1 through 100 whose identity is not known at this time, | : |
| Defendants, and | : |
| **CONGREGATION RADIN DEVELOPMENT, INC.,** | : |
| Nominal Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**REPORT OF PARTIES' PLANNING MEETING**
(Held pursuant to F.R.B.P. 7026)

1. **Planning Meeting**. Pursuant to Rule 26(f), Fed. R. Civ. P., as applicable to the above-captioned adversary proceeding by Bankruptcy Rule 7026, a Parties Planning Meeting was held on March 3, 2023, and attended by Michael Levine, Esq., counsel for the Individual Defendants and co-counsel for the Nominal Defendant, Tracy L. Klestadt, Esq., counsel for the Nominal Defendant, and Oleg Rivkin, Esq., counsel for Plaintiff, and counsel have conferred on the contents of this proposed discovery plan.[1]

---

[1] Plaintiff submits this report with a full reservation of his right to assert, including by motion to remand the case to the New York State court, that this Court lacks subject matter jurisdiction over this action. Defendants reserve the right to move, at any time, for summary judgment and/or Rule 9011 sanctions.

2. **Nature of Complaint or Matter**: This case involves a claim by Plaintiff to be the sole trustee of Congregation Radin Development Inc. ("CRDI") and seeks declaratory and injunctive relief to that effect. Defendant denies the allegations in Plaintiffs' complaint, asserts that he is not a trustee of CRDI, and asserts that he is not entitled to the declaratory or injunctive relief he seeks.

3. **Pre-Discovery Disclosures**. The parties will exchange by March 24, 2023, the information required by Fed. R. Civ. P. 26(a)(1); supplementations under Rule 26(e) are due as required by Rule 26(e).

4. **Discovery Plan**. The parties jointly propose to the Court that all pretrial discovery will be concluded by June 19, 2023 pursuant to the following proposed plan:

a. Discovery may be needed on issues raised by the pleadings. All parties shall serve any requests for production of documents and things and/or interrogatories and/or requests for admissions on or before March 31, 2023. Responses and production shall be served on or before May 1, 2023. Unless by subsequent agreement of the parties or leave of Court, the parties agree as follows: (1) Each party shall be limited to 30 interrogatories (including subparts), 30 requests for admission, and 30 requests for production of documents.

b. The depositions of all parties and non-parties will be conducted before June 9, 2023. Any party has the right to seek any party or non-party depositions even while any other discovery demands are outstanding.

c. Any supplemental discovery demands made as a result of information provided during any deposition shall be made within ten days of the deposition in which the information is received, and responses thereto and supplemental production shall be made within fourteen days of receiving any such demand.

  d. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

  (1) The parties agree that the inadvertent production of privileged information does not waive or otherwise compromise any applicable privilege or preclude the party from asserting privilege claims after production. The party recalling an inadvertent production shall request in writing the return or destruction of such information and shall, within 10 calendar days of its request, produce a privilege log disclosing all applicable assertions of privilege for the recalled production. Upon receipt of the written request, the recipient party shall comply with the producing party's request to cease review of the inadvertent production and return or destroy the inadvertent production, regardless of whether the recipient party intends to file a motion to compel production of the recalled production, in whole or in part.

  (2) The party recalling an inadvertent production shall pay costs of complying with its request, if any, including electronic discovery support staff and paralegal time, but not including attorney time.

  f. The parties have discussed certain anticipated issues relating to the disclosure or discovery of electronically stored information ("ESI") and report to the Court the following:

  (i) <u>Relevant information</u>: At this point, the parties are not aware of the full extent of relevant information that may be stored electronically, but intend the same to include at least (1) documents and other records stored on any computer or data

storage device; (2) electronic mail (including all electronic attachments); (3) any electronically stored information including but not limited to text messages, photos, instant messaging, memoranda (and/or drafts thereof), correspondence (and/or drafts thereof), and social networking communications; and (4) any other electronically stored information that becomes evident or known during the discovery period and that would fall within the scope of FRCP 26 for discovery purposes.

(ii) <u>Form of production/preservation</u>: The parties agree that the aforementioned discoverable electronically stored information will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable, with the following exceptions: electronic mail should include attachments to the email and indicate whether and to whom the email was a reply or was forwarded. Upon request and if reasonably available, a party will make diligent efforts to produce electronically-stored emails in native format. In addition, upon request and if reasonably available, a party shall make diligent efforts to produce any electronically-stored spreadsheet or database in its native format (e.g., excel) rather than in a portable document file (pdf) format; all electronically stored documents created by a word processing program are to be produced in the native format, if reasonably available, rather than in portable document file (pdf) format. To the extent any ESI is preserved only in printed form, such ESI may be produced in pdf format. Electronically stored information (ESI) may be produced via email link or on usb thumb drive and the parties are under no

      obligations to provide paper copies unless the requesting party agrees to tender payment for such copies at a rate of $.10 per page.  The parties further agree that they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified, but the parties agree that the parties will not be required to deviate from their normal records retention policies (as long as their records retention policies are not in violation of state or federal regulations or in violation of any party's obligations to preserve evidence) with respect to electronically stored information or other records which have not been previously identified by the parties as relevant to this action.  Wherever possible, all production shall include all metadata.

      g.    The parties have discussed certain issues relating to the disclosure of documents and information which may be confidential and proprietary information and will hereafter stipulate to a consent protective order, in a form approved by the Court.

      5. **Experts**.  The parties at this point do not expect to retain experts in this matter.  The parties shall advise the Court not later than June 13, 2023, if they intend to file an expert report, and seek an amendment of the scheduling order to provide for exchange of expert reports under Rule 26(a)(2).

      6. **Pretrial Order**.  The parties shall prepare and submit a joint Pretrial Order not later than June 30, 2023, unless a dispositive motion has been previously granted.  Final lists of witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) shall be due from both parties by the same date and shall be submitted with the Pretrial Order.

      7. **Joinder and Amendment**.  The parties do not expect to join any additional parties or to otherwise amend any pleadings.

8. **Dispositive Motions**. Any dispositive motions shall be made by June 13, 2023.

9. **Settlement**. The parties have discussed a potential settlement and believe that settlement is unlikely, however the parties will continue to discuss a potential settlement.

10. **ADR**. The parties have discussed the possibility that resolution may be enhanced by the use of mediation or other Alternative Dispute Resolution method. The parties believe, however, that the same will not be productive in that regard and, therefore, decline to engage in the same.

11. **Hearing Readiness**. This case can be ready for trial (assuming determinations have been made on any dispositive motion) no later than July 14, 2023. Defendants believe that, if a trial is unnecessary, it will take no more than 2 days. Plaintiff believes a trial is expected to take 5 trial days.

12. **Special Issues**. The parties are not presently aware of any special issue that should be brought to the attention of the Court.

13. **Scheduling Conference**. No party requests that any further scheduling conference take place with the Court provided that this Report of the Parties' Planning Meeting is acceptable to the Court.

Dated: March 3, 2023

| | |
|---|---|
| **Levine & Associates, P.C.** | **Rivkin Law Group PLLC** |
| By: s/ *Michael Levine* | By: s/ *Oleg Rivkin* |
|     Michael Levine |     Oleg Rivkin |
| 15 Barclay Road | 48 Wall Street, Suite 1100 |
| Scarsdale, NY 10583 | New York, NY 10005 |
| Telephone (914) 600-4288 | Telephone (212) 231-9776 |
| e-mail: ml@LevLaw.org | e-mail: or@rivkinlawgroup.com |
| *Counsel for Defendants and* | *Attorneys for Plaintiffs* |
| *Co-counsel for Nominal Defendant* | |

Klestadt Winters Jureller Southard & Stevens, LLP

By: s/ *Tracy L. Klestadt*
      Tracy L. Klestadt
200 West 41st Street
New York, NY 10036-7203        SO ORDERED:
Telephone (212) 972-3000
e-mail: TKlestadt@Klestadt.com

                                            _____
                                            Hon. Sean H. Lane, U.S.D.J.